UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LARRY M. SLUSSER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.:  3:11-CR-78-TAV-HBG |
| | ) | 3:12-CV-554-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Larry Michael Slusser ("Petitioner") sold a shotgun to a confidential informant

("CI") in May 2011.  He was then charged with one count of being a felon in possession of a

firearm [Doc. 3].[1]  Petitioner subsequently pleaded guilty to the charge.  In addition, he admitted

that he was an armed career criminal, as defined in 18 U.S.C. § 924(e) [Docs. 12, 14].  The Court

sentenced Petitioner to a mandatory minimum term of 180 months' imprisonment [Doc. 24].

Petitioner did not appeal the conviction or sentence.  Petitioner, however, filed a § 2255 motion,

which he has supplemented twice [Docs. 34, 36, 55].

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of

constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact

or law that was so fundamental as to render the entire proceeding invalid."  *Short v. United States*,

471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir.

2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and

establish a "fundamental defect in the proceedings which necessarily results in a complete

_____

[1] All references are to documents in Case No. 3:11-CR-78-TAV-HBG.

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner presents three claims in his § 2255 motion: (1) the Government failed to comply with the Department of Justice Guidelines Regarding the Use of Confidential Informants ("DOJ Informant Guidelines"); (2) the Government violated *Brady v. Maryland*, 373 U.S. 83 (2009), by obscuring the existence of the DOJ Informant Guidelines; and (3) Petitioner's counsel was ineffective for failing to challenge the Government's prosecution of him on these two grounds.

It is the opinion of this Court that none of these claims warrant relief. As a threshold matter, all of Petitioner's claims, except for the claim of ineffective assistance of counsel, are procedurally defaulted, because Petitioner could have raised them on direct appeal but did not. "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); *accord United States v. Frady*, 456 U.S. 152, 167–68 (1982). The "hurdle" that a petitioner faces to excuse procedural default is "intentionally high . . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has not alleged his actual innocence, nor has he established any good cause and prejudice as to his claims, which should therefore be dismissed.

The Court, nonetheless, will evaluate Petitioner's claims in turn.

## I.     The Alleged Violation of DOJ Informant Guidelines

The Petitioner's claim that he is entitled to relief because the Government allegedly violated the DOJ Informant Guidelines in its use of the CI is not a cognizable claim under § 2255. The Government's violation of its own investigation and prosecution policies does not entitle a petitioner to relief under § 2255. *See, e.g.*, *United States v. Wilson*, 413 F.3d 382, 389 (3d Cir. 2005) ("Department of Justice guidelines and policies do not create enforceable rights for criminal defendants."); *Vickers v. United States*, No. 3:06-CR-229, 2011 WL 103026, at *2 (N.D. Tex. Jan. 12, 2011) ("A violation of the Petite policy [by which the federal government generally does not prosecute a defendant for the same act for which he has been prosecuted by state authorities] does not bar the prosecution of a defendant or provide a basis for challenging a defendant's conviction or sentence.").

The Government argues, and the Court agrees, that such policies do not have, and do not purport to have, the same status as constitutional and statutory rights. Section I.H. of the DOJ Informant Guidelines specifies: "Nothing in these Guidelines is intended to create or does create an enforceable legal right or private right of action by a CI or any other person." [Doc. 34-4 p. 5]. Therefore, even if Petitioner could show that the DOJ Informant Guidelines had been violated in his case, that showing would not demonstrate that Petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.

In point of fact, Petitioner has not established that the Government did violate the DOJ Informant Guidelines. Petitioner claims that the Government violated the Guidelines by failing to demonstrate whether the CI was suitable, failing to register the CI, and failing to authorize the CI's activities in advance. However, Petitioner has not alleged any specific facts to support those claims. Accordingly, these claims must be rejected. *See Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972)

3

(stating that "[c]onclusions, not substantiated by allegations of fact with some probability of veracity, are not sufficient to warrant a hearing," much less relief).

## II.     The Alleged *Brady* Violation

To establish a *Brady* violation, a petitioner must show that (1) the Government suppressed evidence; (2) such evidence was favorable to the petitioner because it was either exculpatory or impeaching; and (3) the suppressed evidence was material. *See e.g.*, *Strickler v. Green*, 527 U.S. 263, 280–82 (1999). A *Brady* violation occurs only "if there is a reasonable probability that, had the evidence been disclosed to the [petitioner], the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433–34 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

Petitioner claims that the Government violated *Brady* by failing to disclose or by obscuring, the existence of the DOJ Informant Guidelines. The Court, however, finds that the DOJ Informant Guidelines are neither material nor exculpatory. The DOJ Informant Guidelines created no enforceable right on behalf of Petitioner. Even if the Government had failed to comply with those Guidelines, that failure would not cast doubt on Petitioner's conviction. Petitioner admitted that he possessed a firearm after having previously been convicted of multiple felonies. The identity of the person to whom Petitioner sold a firearm is immaterial to Petitioner's conviction. Accordingly, Petitioner is not entitled to relief under *Brady*.

## III.     The Allegation that Trial Counsel was Constitutionally Ineffective

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1987). *See also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, a petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective

4

assistance," as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provides effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland,* 466 U.S. at 689 (a reviewing Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy" (citation omitted)).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

The Court finds that Petitioner has not satisfied *Strickland's* two-part standard here. Petitioner alleges that his trial counsel was ineffective by failing to object to the alleged violation of the DOJ Informant Guidelines. However, the Court has now found that Petitioner had no legal basis for making such an objection. The law is clear that an attorney is not ineffective for failing to raise a meritless objection. *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006); *Brown v. McKee*, 231 F.App'x 469, 475 (6th Cir. 2007). Accordingly, this claims for relief is without merit.

5

The Court finds that because all of the claims presented in the motion [Doc. 34] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, a judgment will enter **DENYING** the motion [Doc. 34].

**IT IS SO ORDERED.**


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE