UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LARRY MICHAEL SLUSSER, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | Nos.: 3:11-CR-78-TAV-HBG-1 |
| | ) | 3:16-CV-531-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's duly authorized successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 64]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on September 28, 2016 [Doc. 66]; Petitioner replied in turn [Doc. 68]. For the reasons below, the petition [Doc. 64] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2011, Petitioner pled guilty to, and was subsequently convicted of, possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 12, 14]. Based on nine prior Tennessee convictions—two for aggravated assault, one for Class D burglary, one for drug trafficking, and five for aggravated burglary—the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum sentence [Presentence Investigation Report ¶¶ 35, 36, 38–41]. In accordance with that designation, this Court sentenced Petitioner to 180 months' incarceration [Doc. 24].

Petitioner did not appeal, instead filing a collateral challenge asserting numerous grounds of prosecutorial misconduct and ineffective assistance of counsel [Doc. 34]. This Court denied and dismissed that original petition on September 9, 2015 [Docs. 57, 58]. On August 26, 2016, the Sixth Circuit transferred the instant, duly authorized successive petition challenging the propriety of Petitioner sentence in light of the *Johnson* decision [Doc. 64 (suggesting that an undisclosed number of his prior convictions no longer qualify as ACCA predicate offenses)].

## II.  TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Petitioner submitted the instant petition within subsection (f)(3)'s window.

## III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. §

3

924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of ACCA predicate conviction. *See, e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions— elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013). When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under

4

which they "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

Review of Petitioner's PSR reveals that at least three of his prior convictions categorically qualify as ACCA predicate offenses independent of the now-defunct residual clause. As a result, Petitioner has failed to demonstrate an entitlement to collateral relief.

As an initial matter, the Court notes that one of the convictions designated as a predicate offense supporting ACCA enhancement was a Tennessee conviction for Class D burglary. Binding Sixth Circuit precedent makes clear that the offense categorically qualifies as a predicate conviction under the enumerated-offense clause. *See, e.g.*, *Priddy*, 808 F.3d at 685 (finding that post-1989 Tennessee Class D burglary is categorically a violent felony under the ACCA's enumerated offense clause).[1] Likewise, Petitioner's prior conviction for drug trafficking remains a serious drug offense under § 924(e)(2)(A)(ii). *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming the *Johnson* decision "irrelevant" where a defendant's ACCA enhancement stemmed from prior drug offenses).

At the time Petitioner committed his aggravated assault offenses, Tennessee defined the crime as follows:

    (a)    A person commits aggravated assault who:

---

[1] Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

(1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and;

    (A) Causes serious bodily injury to another; or

    (B) Uses or displays a deadly weapon; or

(2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

    (A) Causes serious bodily injury to another; or

    (B) Uses or displays a deadly weapon

(b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-302

(c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102 (1999).[2] The statute went on to specify that a violation of "subdivision (a)(1) [was] a Class C felony," and that violation of "subdivision (a)(2) [was] a Class D felony." Tenn. Code Ann. § 39-13-102(d)(1) (1999).

The statute is divisible because it lists several different variants of the offense. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that Tenn. Code Ann. § 39-13-102 "can be offended in a number of ways"). The judgment for Petitioner's 1999

---

[2] The versions of Tennessee Code Annotated § 39-13-102 in effect at the time of Petitioner's 1993 aggravated assault and 1999 aggravated assault were identical except for the fact that the latter version expounded on the types of victims which the court should consider as an "enhancement factor" under subsection (d). *Compare* Tenn. Code Ann. § 39-13-102 (1993), *with* Tenn. Code Ann. § 39-113-102 (1999).

aggravated assault offense indicates that conviction involved a violation of Tennessee Code Annotated § 39-13-102(a)(1) [Doc. 66-1 (demonstrating that Petitioner was convicted of the Class C variant—Tennessee Code Annotated § 39-13-102(a)(1)), PSR ¶ 39 (explaining that the charge stemmed from an incident in which Petitioner pointed a handgun at an officer who was attempting to arrest him)].[3] This variant categorically involves the intentional or knowing use or threatened use of violent force. *See* Tenn. Code Ann. § 39-11-106(5) (2003) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding that a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the threatened use of physical force[,] . . . capable of causing pain or injury"). Because violations of Tenn. Code Ann. § 39-13-102(a)(1) qualify as violent felonies under the use-of-physical force clause, Petitioner's 1999 aggravated assault conviction was properly categorized as an ACCA predicate offense.[4]

Because at least three prior convictions qualify as ACCA predicate offenses independent of the defunct residual provision, this Court finds that it need not determine whether Petitioner's 1993 aggravated assault conviction or five aggravated burglary convictions do as well.

---

[3] Petitioner does not contest the accuracy of the information contained in his presentence report, but only the propriety of the Court's decision to use the predicate offenses listed therein as grounds for ACCA enhancement. Further, Petitioner has not met his burden on collateral review by supplementing the record with evidence that he was convicted of a non-generic variant of aggravated assault or identifying any other reason to doubt the accuracy of the representations contained in his PSR.

[4] Violations of Tennessee Code Annotated § 39-13-102(a)(1) alternatively qualify as crimes of violence under the enumerated offense clause. *See* U.S. Sentencing Guideline § 4B1.2, cmt. n. 1 (specifically listing aggravated assault as an example of an enumerated crime of violence); *see also United States v. Cooper*, 739 F.3d 873, 878 (6th Cir. 2014) (same).

7

## IV. CONCLUSION

For the reasons discussed above, the § 2255 motion [Doc. 64] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE